
FILED
CLERK, U.S. DISTRICT COURT
JAN 2 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | | |
|---|---|---|
| JAMAL C. WHITE, | ) | Case No. CV 07-6847-ABC (JWJ) |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| JOHN C. MARSHALL, et al., | ) | |
| Respondents. | ) | |

## I. BACKGROUND

On October 23, 2007, petitioner Jamal C. White, a state prisoner proceeding pro se, filed in this Court a "Petition for Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254" (hereinafter "Petition"), along with a "Declaration in Support of Request to Proceed In Forma Pauperis." The Court has screened the Petition pursuant to 28 U.S.C. § 2243, Rule 4 of the Rules Governing § 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California. As discussed below, the Petition is summarily dismissed.

The screening of the Petition reveals that petitioner is challenging his May 22, 2002 conviction and sentence in the Kern County Superior Court in Bakersfield, California. (Petition, p. 2.) However, petitioner provides no other

information in the Petition except for the comment "will amend when ascertained per Fed. R. Civ. P. 15 et seq." (Id. at 2-4.) Indeed, petitioner has failed to provide any grounds for relief or supporting facts. (Id. at 5-6.) Thus, the Court is unable to proceed with this Petition.

## II. DISCUSSION

Under 28 U.S.C. § 2243, it is the duty of this Court to screen out frivolous habeas corpus applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. See Rules Governing Section 2254 Cases, Rule 4, Advisory Committee Notes, 1976 Adoption (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)). A district court must enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. Rules Governing Section 2254 Cases, Rule 4; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

A petition lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. See Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990). A court may also dismiss as frivolous petitions reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind. See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). Yet, it must be kept in mind that pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

The instant Petition fails to present any claims or supporting facts. (Petition, pp. 5-6.) Thus, even construing the Petition liberally, the Court is unable to discern any factual or legal basis for the instant Petition, and therefore it appears that petitioner is not entitled to relief in the district court.

See <u>Franklin v. Murphy</u>, 745 F.2d at 1228. Accordingly, the Petition is summarily dismissed. See Rule 4 of the Rules Governing § 2254 Cases.

## ORDER

For all of the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The instant Petition for Writ of Habeas Corpus is **dismissed without prejudice**; and

2. Petitioner's request to proceed in forma pauperis is **denied**.

DATED: Jan 23, 2008

AUDREY B. COLLINS
United States District Judge

Presented by:

DATED: January 21, 2008

JEFFREY W. JOHNSON
United States Magistrate Judge

- 3 -